UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ARTHUR ROBLES,

Petitioner,

vs.

ANTHONY SCILLIA, *et al.*,

Respondents.

2:10-cv-00820-JCM-PAL

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the court is respondents' motion to dismiss the amended petition. (ECF No. 13).

**I. Procedural History**

On October 29, 1999, a judgment of conviction was entered against petitioner, pursuant to a jury verdict of guilt, of the crime of first degree murder with the use of a deadly weapon. (Exhibit 1).[1] Petitioner filed a notice of appeal on November 23, 1999. (Exhibit 2). On June 12, 2001, the Nevada Supreme Court entered an order of affirmance. (Exhibit 5). Remittitur issued on July 10, 2001. (Exhibit 6).

[1] The exhibits referenced in this order are found in the court's record at ECF No. 13.

Nearly eight years later, on May 15, 2009, petitioner filed a *pro per* habeas petition in the state district court. (Exhibit 7). On July 30, 2009, the state district court filed its findings of fact, conclusions of law, and order denying the petition. (Exhibit 8). Petitioner appealed and, on March 10, 2010, the Nevada Supreme Court denied the appeal, finding that the petition was untimely pursuant to NRS 726(1). (Exhibit 10). Remittitur issued on June 4, 2010. (Exhibit 11).

This court received petitioner's federal habeas petition on May 28, 2010. (ECF No. 1-1). Petitioner failed to complete the portion of the habeas petition form regarding when he submitted his petition to prison officials for mailing. The petition was signed on May 17, 2010. (ECF No. 1-1, at p. 15). Pursuant to the "mailbox rule," federal courts deem the filing date of a document (in a federal action) as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). The earliest date that the petition could have been mailed was May 17, 2010, the date that the petition was signed. The court therefore deems the date of filing of the original federal habeas petition as May 17, 2010. Petitioner's amended complaint was filed on June 30, 2010. (ECF No. 6). Respondents' motion to dismiss is now before the court.

**II. Motion to Dismiss (ECF No. 13)**

**A. Federal Habeas Petition is Untimely**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

In the present case, petitioner's judgment of conviction was entered on October 29, 1999. (Exhibit 1). The Nevada Supreme Court's order of affirmance on direct review was filed June 12, 2001. (Exhibit 5). Petitioner had ninety days from that date, until September 10, 2001, to seek

*certiorari* with the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999). Petitioner's conviction became final on September 10, 2001, which is 90 days after the Nevada Supreme Court filed its order of affirmance. Nevada Supreme Court Rules, Rule 13(1). The AEDPA one-year statute of limitations began to run on September 11, 2001. Petitioner had until September 11, 2002, to file his federal habeas petition, unless time was otherwise tolled by federal statute.

On May 15, 2009, petitioner filed a state habeas petition in state district court. (Exhibit 7). From September 11, 2001, until the date petitioner filed his habeas petition in state court on May 15, 2009, nearly eight years of untolled time had elapsed. Because petitioner had no properly filed application for state post-conviction or other collateral review pending during this time period, the time is not statutorily tolled. 28 U.S.C. § 2244(d)(2).

The state district court denied petitioner's untimely habeas petition on July 30, 2009. (Exhibit 8). Petitioner appealed the denial of his state habeas petition. On March 10, 2010, the Nevada Supreme Court affirmed the state district court's decision, ruling that the petition was untimely pursuant to NRS 34.726. (Exhibit 10). Remittitur issued on June 4, 2010. (Exhibit 11).

A habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). Because the Nevada Supreme Court held that petitioner's state habeas petition was untimely pursuant to NRS 34.726, the petition was not a "properly filed application" that would toll the statute of limitations under 28 U.S.C. § 2244(d)(2). Thus, the time period while petitioner's state habeas petition was pending in state court, from August 10, 2009 to June 4, 2010, is not tolled under 28 U.S.C. § 2244(d)(2). During this time period, nearly ten months of untolled time elapsed.

Petitioner signed and dispatched his federal habeas corpus petition on May 17, 2010. A total of over eight years, which were not tolled by statute, elapsed before petitioner filed his federal habeas petition. The federal petition is untimely under the one-year AEDPA statute of limitations.

**B. Equitable Tolling**

The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Supreme Court made clear that the "exercise of a court's equity powers . . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

In the opposition, petitioner has failed to demonstrate that he diligently pursued his rights and that an extraordinary circumstance prevented him from filing a timely federal petition. Petitioner is not entitled to equitable tolling and the petition must be dismissed as untimely.

**III. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 13) is **GRANTED** and the federal petition for a writ of habeas corpus is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 21st day of June, 2011.

UNITED STATES DISTRICT JUDGE